CHARLES J. RICHARDSON, APPELLEE, V. WILLIAM J. HAHN ET AL., APPELLANTS.

FILED DECEMBER 18, 1901. No. 10,855.

1. **Deputy Sheriff**: FORECLOSURE SALE. A deputy sheriff may assist in the appraisement of lands sold under an order of sale addressed to the sheriff, and issued in pursuance of a decree of foreclosure, conduct the sale, or do any other act thereunder required of or which might be performed by his principal in the execution of the mandate of the court.

2. ——: ——: APPRAISEMENT. Where the appraisal shows that it was made by "John McDonald, Sheriff, by Geo. W. Hill, Deputy," and two other appraisers, this is sufficient to show that the appraisement made was the personal act of the deputy in conjunction with the other two appraisers.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Will H. Thompson,* for appellants.

*B. F. Thomas, contra.*

HOLCOMB, J.

In this case the order of sale issued by the clerk of the court on a decree of foreclosure of a real estate mortgage was addressed to the sheriff of the county in which the land was situated, commanding him to execute the decree by appraising, advertising and selling the real property

therein described, and make return of his proceedings as required by law. The writ was executed in the name of the sheriff to whom directed, by his deputy, who acted for the sheriff in all the subsequent steps taken after the issuance of the order, including the making of the return to the order of sale. It is argued that the proceedings thus had were irregular and erroneous, because the appraisement and sale of the property were not made by the sheriff to whom the order was directed, and that the sale should have been vacated and set aside on appellant's motion interposed before confirmation. The objection is not well taken. The rule is that a deputy sheriff may assist in the appraisement of lands sold under an order of sale issued in pursuance of a decree of foreclosure addressed to the sheriff, conduct the sale, or do any other act thereunder required of or to be performed by his principal in the execution of the mandate of the court. All the decisions on the subject directly support or logically point to this conclusion. *Nebraska Loan & Building Ass'n v. Marshall,* 51 Nebr., 534, 536; *Johnson v. Colby,* 52 Nebr., 327, 329; *Hamer v. McKinley-Lanning Loan & Trust Co.,* 52 Nebr., 705; *Maginn v. Pickard,* 57 Nebr., 642; *Scottish-American Mortgage Co. v. Nye,* 58 Nebr., 661; *Carstens v. Eller,* 60 Nebr., 460; *Passumpsic Savings Bank v. Maulick,* 60 Nebr., 469.

But it is urged, if the deputy sheriff is permitted to take part in the appraisal of the property, that in the present case it is not shown the appraisement made and returned is his personal act, and for that reason it is invalid. The appraisal shows that it was made by "John McDonald, Sheriff, by Geo. W. Hill, Deputy," and the two other appraisers. The distinction sought to be drawn is hypercritical. It is manifest that Hill, as the deputy sheriff, is acting for and in the place of his principal, and with the other appraisers made the appraisement as his own act, by virtue of his office as deputy sheriff. He may, under the authorities heretofore cited, with the aid of two others called by him for that purpose, appraise the land about to

be sold; and it is altogether clear from the proceedings taken in pursuance of the order of sale, as disclosed by the record, that this is what was done.

The order of confirmation should be, and therefore is,

AFFIRMED.